UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL RYAN BAROUS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11377-IT |
| | * | |
| ARIEL Z. EMANUEL, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

November 20, 2018

TALWANI, D.J.

Plaintiff Paul Ryan Barous's Complaint [#1] against Defendant Ariel Z. Emanuel asserts

claims of defamation and breach of contract. Defendant responded with a Motion to Dismiss the

Complaint [#10] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As set forth below, the court lacks

personal jurisdiction over Defendant. Accordingly, Defendant's Motion to Dismiss the

Complaint [#10] is ALLOWED.

  I.  Personal Jurisdiction

When faced with a motion to dismiss for want of personal jurisdiction, a district court

may adjudicate the claim by one of three methods. Boit v. Gar-Tec Products, Inc., 967 F.2d 671,

674 (1st Cir. 1992). Regardless of the method used, the plaintiff bears the burden of establishing

the court's personal jurisdiction over defendants. Daynard v. Ness, Motley, Loadholt, Richardson

& Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002); Boit, 967 F.2d at 674-75. The most commonly

used method is the "prima facie standard." Boit, 967 F.2d at 675. Under this standard, the district

court must decide whether "the plaintiff has proffered evidence that, if credited, is enough to

support findings of all facts essential to personal jurisdiction," and if so, his burden is met. See id.; Ealing Corp. v. Harrods Ltd., 790 F.2d 978, 979 (1st Cir. 1986). The district court does not act as a factfinder, but rather "accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 619 (1st Cir. 2001). The district court may consider "facts put forward by the defendants, to the extent that they are uncontradicted." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). The court need not "credit conclusory allegations or draw farfetched inferences." Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In matters such as this one, which has been brought before the district court under diversity jurisdiction, the district court "is the functional equivalent of a state court sitting in the forum state." Id. at 204. To prove that the court has personal jurisdiction over Defendant, Plaintiff "must meet the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment." Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).

To assert personal jurisdiction over a defendant, the Constitution requires that a defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." Mass. Sch. of Law, 142 F.3d at 34. Plaintiff does not specify which theory of jurisdiction he seeks to assert, and the court will therefore analyze both.

a. General Jurisdiction

Court have general jurisdiction over an individual defendant when (1) the defendant is

domiciled in the state in which the court sits, or (2) when the defendant's activities in that state

are "substantial" or "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v.

Hall, 466 U.S. 408, 414-16 (1984). The defendant's contacts must be "so substantial and of such

a nature as to justify suit against [that defendant] on causes actions arising from dealings entirely

different from those activities." International Shoe, 326 U.S. at 318.

An individual defendant's status as a corporate officer is insufficient to establish general

personal jurisdiction over that individual defendant, even where the court has personal

jurisdiction over the corporation. See Calder v. Jones, 465 U.S. 783, 790 (1984); see, e.g., M-R

Logistics, LLC v. Riverside Rail, LLC, 537 F.Supp.2d 269, 279-80 (D. Mass. 2008); Roy v. Roy,

47 Mass. App. Ct. 921 (1999). Rather, "[e]ach defendant's contacts with the forum state must be

assessed individually." Calder, 465 U.S. at 790.

Applying these principles, the court concludes that it does not have general jurisdiction

over Defendant. Plaintiff brings claims against Defendant, a California resident, in Defendant's

individual capacity. Compl. 2 [#1]. In his Opposition to Defendant's Motion to Dismiss, Plaintiff

asserts that Defendant is CEO of Endeavor LLC, whose entertainment subsidiaries occasionally

perform in Massachusetts.[1] Pl.'s Opp'n at 4 [#18]. Plaintiff further claims that Defendant

---

[1] Plaintiff attached to his Opposition printouts from various websites to support his claims that
Defendant is CEO of William Morris Endeavor Entertainment LLC, and that various subsidiaries
of that company performed in Boston. See Pl's Opp'n Ex. B [#18-1]. Although Plaintiff has not
provided an affidavit attesting to the authenticity of these printouts, see Ealing Corp., 790 F.2d at
979 (the plaintiff must "make[] a prima facie showing of jurisdiction supported by specific facts
alleged in the pleadings, affidavits, and exhibits"), the court recognizes that Plaintiff is a pro se
litigant and will consider the exhibits as accurate for purposes of the jurisdictional analysis.

attended a single event of one of Endeavor's subsidiaries in Boston, Massachusetts. But, the court does not gain personal jurisdiction over an individual defendant simply by the fact that the defendant's employer solicited business in Massachusetts, see Noonan v. Winston Co., 135 F.3d 85, 92-93 (1st Cir. 1998), or because the defendant made a single trip to Massachusetts, see Walden v. Fiore, 571 U.S. 277, 285-86 (2014). Defendant's contacts with Massachusetts fall far short of those necessary to justify suit against Defendant based upon allegations wholly unrelated to Defendant's in-forum activities. See International Shoe, 326 U.S. at 318.

b. Specific Jurisdiction

Where general jurisdiction is lacking, a district court may still have jurisdiction over a defendant if the allegations in the case "relate[] sufficiently to, or arise[] from, a significant subset of contacts between the defendant and the forum." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999). To assess whether the court has specific jurisdiction, the court employs a tripartite test. First, "the litigation [must] result[] from alleged injuries that 'arise out of or relate to'" the defendant's in-forum activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Helicopteros, 466 U.S. at 414). Second, there must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws.'" Id. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Third, the defendant's conduct and activities much be such that it is "'reasonable . . . to require the [defendant] to defend'" a suit in the chosen forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) (quoting International Shoe, 326 U.S. at 317).

The court first asks whether there is "a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on

those activities." <u>Mass. Sch. of Law at Andover</u>, 142 F.3d at 34; <u>see also</u> <u>Burger King</u>, 471 U.S. at 472-73 (quoting <u>Helicopteros</u>, 466 U.S. at 414 (1984)); <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 60-61 (1st Cir. 2005) ("The evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts."). In <u>Harlow</u>, the First Circuit explained that this first prong "requires a showing of a material connection," and that "the defendant's [forum]-state conduct must form an 'important, or [at least] material, element of proof' in the plaintiff's case." 432 F.3d at 61 (second alteration in original) (quoting <u>United Elec., Radio, and Mach. Workers of Am. V. 163 Pleasant St. Corp.</u>, 960 F.2d 1080, 1089 (1st Cir. 1992)).

Plaintiff falters at the first step of this tripartite test. Plaintiff alleges that Defendant breached an "agreement or contract" that the parties made "on/in the early 2000's," and that "defendant, systematically orchestrated (more than a decade ago before what is going on now in Hollywood) vicious false PR campaigns against the Plaintiff." <u>Id.</u> at 4. Plaintiff alleges further that both he and Defendant resided in California at all relevant times described in the Complaint. Compl. 2, 5 [#1] (Plaintiff "lived in California for decades[,] until the last three years as of . . . 06-29-2018"). Defendant's purported actions all took place in California and did not target Massachusetts. Further, Defendant's alleged wrongdoings are unrelated to any of Defendant's Massachusetts-based contacts. Accordingly, the court does not have specific jurisdiction over Defendant.

As the court is without general or specific personal jurisdiction, the court may not exercise any authority over Defendant. Hence, Plaintiff's Complaint must be dismissed.

II.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint [#10] is

ALLOWED. Plaintiff's Complaint [#1] is dismissed without prejudice, to the extent Plaintiff

wishes to refile his claim in the appropriate jurisdiction.

IT IS SO ORDERED.

November 20, 2018                                          /s/ Indira Talwani
                                                          United States District Judge